Clifford GREEN *v.* STATE of Arkansas

CR 91-235                    832 S.W.2d 494

Supreme court of Arkansas
Opinion delivered June 22, 1992

*Keil & Goodson*, by: *John C. Goodson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clementine Infante*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Clifford Green, was convicted of two counts of rape, and one count each of burglary, robbery, and theft of property. The jury imposed two life imprisonment sentences for the rapes, a five year sentence for burglary, robbery, and theft of property. The jury imposed two life imprisonment sentences for the rapes, a five year sentence for burglary, a fifteen year sentence for robbery, and a one year sentence for theft of property. The sentences are to run consecutively with the exception of the theft sentence which is to be served concurrently with the other sentences. Green argues the Trial Court erred by (1) not directing a verdict in his favor because the evidence identifying him as the person who committed the crimes was insufficient, and (2) not granting a mistrial when the victim testified about a robbery which was not specifically detained in the State's bill of particulars. We find no error and affirm.

On the night of December 25, 1989, the victim was reading a book in her apartment when she heard someone who identified himself as "John" knock on the front door. She believed the person at the door was the security officer who lived downstairs, so she opened the door slightly. She testified that a young man pushed the door open, grabbed her by the throat, and pushed himself into her apartment. The assailant then forced her into the bedroom, threw her onto the floor, tied her hands together with the sash of her robe, and raped her. The victim stated that after the rape the man took 30 dollars from her purse and then raped her again. He took the victim's keys and drove away in her car.

The victim described her assailant as a black male, approximately 160-170 pounds. She told officers he was wearing a tan cap with a scarf attached, a jacket, blue jeans, white tennis shoes, and a white shirt with "Los Angeles" written in dark letters. A description of the suspect and the stolen vehicle was dispatched over police radio.

Officer Jackie Runyan observed a car matching the description of the stolen vehicle. He began following the car, and it increased speed. Runyan saw that the license plate matched that of the stolen car. After a chase, the stolen vehicle went into a ditch, and the driver jumped out and ran into the woods.

Clifford Green was apprehended in the woods some two hundred yards from the stolen vehicle. At the time of the arrest, Green was wearing a brown cap with a scarf attached, a green jacket, blue jeans with blue jogging pants underneath, white tennis shoes a gray shirt, and a black shirt with "Los Angeles Raiders" written in white letters.

Lisa Calhoun, a serologist with the State Crime Lab, found evidence of semen on Green's sweatpants. She also found semen on the victim's vaginal smear slides and vaginal swabs submitted as part of the rape kit.

At trial, Green admitted stealing the car but denied raping the victim. He said he was elsewhere when the rape allegedly occurred.

Green was charged with four counts of rape, and one count each of burglary, robbery, and theft of property valued at $2500 or more (Class B felony). During jury selection, the State amended the charges to state two counts of rape rather than four; the first count stating the rape which occurred before the robbery and the second count that which occurred afterwards. The State also lowered the theft charge to a Class C felony because the value of the stolen property was believed to be over $200, not $2500. Green moved for a bill of particulars. The Trial Court allowed the State to amend the charges and granted the motion for a bill of particulars. The State complied the next day, and the trial began the day after the bill was furnished.

### 1. Substantial evidence

Green argues the identification evidence was insufficient. He contends the victim told police officers that the man who attacked her was wearing a white shirt with "Los Angeles" written on it; however, at the time of the arrest, Green was wearing a black shirt with "Los Angeles Raiders" written on it.

On appeal from a denial of a motion for directed verdict, this Court reviews the evidence in the light most favorable to the appellee, *Birchett* v. *State*, 289 Ark. 16, 708 S.W.2d 625 (1986), and affirms if there is any substantial evidence to support the verdict. *Traylor* v. *State*, 304 Ark. 174, 801 S.W.2d 267 (1990).

An element to be proved in every case is that the person who stands before the court in the position of the defendant is the one whom the indictment or information accuses and to whom the evidence relates. *Womack* v. *State*, 301 Ark. 193, 783 S.W.2d 33 (1990); *Moore* v. *State*, 297 Ark. 296, 761 S.W.2d 894 (1988). Identification may be inferred from all the facts and circumstances in evidence. *Becker* v. *State*, 298 Ark. 438, 768 S.W.2d 527 (1989).

Although the victim told officers her assailant was wearing a white shirt, and Green was wearing a black shirt when arrested, we have consistently stated discrepancies in testimony and the credibility of witnesses are issues for the jury to resolve. *Wilkins* v. *State*, 292 Ark. 596, 731 S.W.2d 775 (1989). Almost every other item of clothing Green was wearing matched the description of the assailant given by the victim, including the hat with the attached scarf with which the assailant had covered his face, apparently preventing the victim from being able to identify him directly at the trial. The evidence, combined with the fact that Green was apprehended shortly after trying to elude police while driving the victim's stolen vehicle, leaves no doubt the jury was presented with substantial identification evidence.

### 2. Mistrial

Green's other point is that the Trial Court erred by failing to grant a mistrial when the victim testified her assailant took 30 dollars from her purse. Green argues the details of this robbery were not included in the State's bill of particulars, and thus the

State should not have mentioned it. The Trial Court denied the motion for mistrial because the State had furnished Green with the victim's statement that 30 dollars was taken.

■ A mistrial is a drastic remedy which will be employed only when there has been an error so prejudicial that justice cannot be served by continuing the trial. *Richmond* v. *State*, 302 Ark. 498, 791 S.W.2d 691 (1990). The decision whether to grant a mistrial is left to the sound discretion of the trial judge and will not be reversed absent an abuse of discretion or manifest prejudice to the complaining party. *King* v. *State*, 298 Ark. 476, 769 S.W.2d 407 (1989).

■ As a substitute for a bill of particulars the State may furnish an accused with the information in its file and any other information within the control of the State reasonably necessary to defend against the charges. *Harris* v. *State*, 299 Ark. 433, 774 S.W.2d 121 (1989). In the *Harris* case, a copy of the victim's statement was furnished to the defense instead of a formal bill of particulars. We held Harris could show no prejudice because the State sufficiently informed him of the charges by furnishing the victim's statement. *See also Cokeley* v. *State*, 288 Ark. 349, 705 S.W.2d 425 (1986).

In *Limber* v. *State*, 264 Ark. 479, 572 S.W.2d 402 (1978), the Limbers argued the Trial Court erred by not requiring the State to file a formal bill of particulars. We found no merit in the argument as the State had turned over its complete file to the defense. Because the State fully complied with discovery, the Trial Court was not in error, nor were the Limbers prejudiced by the technical failure to file a bill of particulars.

■ While the bill of particulars in this case did not specifically state that 30 dollars was taken from the victim's purse, it clearly indicated that robbery was one of the charges. Green was furnished the State's full investigative file including the victim's statement and official police reports stating the money was taken. We cannot say the Trial Court abused its discretion by finding Green had not demonstrated prejudice in the failure to detail the robbery offense in the bill of particulars.

Affirmed.