J. W. "Dub" STIPES *v.* STATE of Arkansas

CR 93-100                                        870 S.W.2d 388

Supreme Court of Arkansas
Opinion delivered February 7, 1994

*Phyllis B. Worley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sherry L. Daves*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant appeals from his convictions of robbery, aggravated assault and theft. He was sentenced as a habitual offender to a total of thirty-three years for the robbery

and aggravated assault crimes and received a ten-year concurrent sentence for the theft conviction.

Appellant's first point for reversal challenges the sufficiency of the evidence and questions whether the victim's identification of appellant was sufficient, alone, to support his convictions. In considering appellant's argument, we emphasize that, when the sufficiency of the evidence is challenged, we consider only that evidence which supports the guilty verdict. *McClure* v. *State*, 314 Ark. 35, 858 S.W.2d 103 (1993).

At trial, the victim, Scott Adams, testified that between 3:00 and 4:00 in the afternoon on October 31st, he drove his mother's car to an area immediately outside the city limits of Bald Knob where he parked the car, loaded his Hawkins muzzle loader and prepared for target practice. Adams stated that fifteen to thirty minutes later, a rust-colored early 70's model Datsun or Toyota pickup approached the area and one of the two men in the truck asked Adams to fire the rifle so that the men could hear it. Obligingly, Adams fired his rifle at a target that he had set up, and he then repacked the muzzle of the weapon with another bullet and some gun powder. Before Adams put primer in the gun's firing pan, the driver of the truck, who was later identified as the appellant, got out and asked if he could shoot the weapon. According to Adams, he refused the request because he smelled alcohol on appellant's breath. Appellant grabbed the gun, and slapped Adams in the face. When Adams continued to hold on to the weapon, appellant slapped him again and "got him in a headlock" until Adams released the gun. Adams stated that appellant then stepped back a few steps, leveled the rifle at him and said, "I'm going to kill this m_____ f_____." Appellant then pulled the trigger several times and the gun failed to discharge. Appellant tried unsuccessfully to convince Adams to tell him why the gun would not fire. Afterwards, appellant tossed the gun to his companion and then proceeded to chase Adams around a field, asking Adams to fight. Appellant then got into Adams' car, started it and drove it around the field applying the brakes and spinning the wheels. Finally, appellant chased Adams with the car. Appellant and his companion subsequently drove away in the car, taking Adams' rifle with them.

Adams stated that he then walked a mile to the nearest house

and called his parents, who picked him up about fifteen minutes later. Adams' parents took him to the Bald Knob police station where he gave the police a description of appellant's truck, the appellant and his companion. The police located Adams' car the day after the incident at the same place where the appellant had accosted Adams. A few days later, Adams met with the police, and picked appellant's photo from a lineup. Adams also made a positive identification of the appellant at trial as the man who slapped and threatened him and took his rifle and his mother's car.

Although appellant questions in various respects the reliability of Adams' identification of appellant and emphasizes no physical evidence was offered linking appellant as the perpetrator of the crimes, this court has held that, when a witness makes a positive identification of a suspect, any challenge to the reliability of the identification becomes a matter of credibility for the factfinder to determine. *Luckey* v. *State*, 302 Ark. 116, 787 S.W.2d 244 (1990). The factfinder's decision will not be disturbed on appeal when there is substantial evidence to support it. *Brown* v. *State*, 309 Ark. 503, 832 S.W.2d 477 (1992). This court has consistently held that unequivocal testimony identifying the appellant as the culprit is sufficient to sustain a conviction. *Id.* Here, Adams' pretrial and in-court identifications of the appellant were unequivocal and clearly constituted sufficient evidence for the jury to conclude without having to speculate that appellant was the perpetrator.

Appellant's second argument is that the trial court should have directed a verdict in his favor on the aggravated assault charge because Adams' gun was incapable of discharging when appellant pulled the trigger. The state points out that the appellant failed to submit the argument below, but instead, argued whether the pointing of the gun was sufficient to constitute aggravated assault. A directed verdict motion must be a specific motion to apprise the trial court of the particular point raised. *Patrick* v. *State*, 314 Ark. 285, 862 S.W.2d 239 (1993); *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992). Appellant simply failed to give the trial court an opportunity to rule on the legal issue and sufficiency of the evidence of the point now offered on appeal. Thus, appellant's argument is not preserved for our review.

For the above reasons, we affirm.