Neal HALL *v.* STATE of Arkansas

CR 96-875                                    951 S.W.2d 557

Supreme Court of Arkansas
Opinion delivered September 18, 1997

*William M. Pearson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, Neal Hall, was convicted of rape and kidnapping and was sentenced to prison for forty years and five years, respectively. The Trial Court ordered that the terms be served concurrently. Hall filed a motion for a new trial in which he alleged that the prosecutor failed to disclose, pursuant to a discovery request, that a material witness had a felony conviction. We affirmed the Trial Court's denial of that motion in *Hall v. State,* 306 Ark. 329, 812 S.W.2d 688 (1991). Hall subsequently sought habeas corpus relief in federal court on a claim of ineffective assistance of counsel. The United States District Court for the Eastern District of Arkansas ordered that a writ of habeas corpus would issue unless Hall was allowed to file a motion for a new trial pursuant to A.R.Cr.P. Rule 36.4 in state court. The Trial Court held a hearing and denied Hall's motion for a new trial. Hall now appeals that order. We affirm.

On appeal, Hall argues that the Trial Court erred in denying relief on his ineffective assistance of counsel claim. Specifically, he contends that his counsel failed to move to suppress evidence that was seized from his residence and his car pursuant to a faulty nighttime search warrant. Hall argues that if his attorney had filed the motion, the evidence seized pursuant to the warrant would have been suppressed and the outcome of the trial would have been different.

To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Second, the petitioner must show that the deficient performance prejudiced the defense,

which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland v. Washington*, 466 U.S. 668 (1984).

The facts surrounding the incident that led to Hall's conviction and the execution of the search warrant are these. Early in the morning on October 18, 1989, the eleven-year-old victim was walking to school when she was approached by a man driving a white older model car. The victim described the man to police as a young man in his early twenties who had dirty-blond shoulder-length hair. She also stated that the man was wearing a blue baseball cap, light pants, a jean jacket, and boots. The victim stated she got into the car because the man flashed a gun at her.

Two other witnesses saw the victim get into the white car. Gladys Franklin, who was acquainted with both Hall and the victim, positively identified Hall as the driver of the white car. Mike Modica, a school bus driver, also stated that he saw a young girl matching the victim's description get into a white car that was driven by a man with blond hair "that was longer than normal for a man."

During the trial, the victim testified that her assailant drove her to a remote location where he raped her vaginally, orally, and anally. Additionally, the victim made an in-court identification of the appellant as her attacker.

Based on the information received from the victim and other witnesses, the police identified Hall as a suspect in the rape and

went to his home to make an arrest. Hall was arrested at 7:00 p.m., and a search of his vehicle and residence was executed at 8:58 p.m. ·

In this appeal, Hall argues that the affidavit was not sufficient to justify a nighttime search, and that a challenge to the warrant would have lead to the suppression of evidence that corroborated the victim's description of her attacker and the vehicle. The State argues that even if the evidence seized pursuant to the warrant had been suppressed, there was still sufficient evidence to convict Hall, and for that reason, Hall did not suffer prejudice as a result of his attorney's alleged error. We agree.

The victim testified that her attacker drove an older model white car, and that he had blond shoulder length hair. Gladys Franklin testified that she was acquainted with Neal Hall for about two years, and that she saw the victim talking to him as he sat in the driver's seat of an older model white car. Ms. Franklin stated that on the morning of October 18, 1989, Hall had close to shoulder-length hair. Ms. Franklin also testified that she saw Hall driving the same car in the parking lot of her apartment complex earlier that morning. As indicated above, Mike Modica, the school bus driver, saw a young girl matching the victim's description talking to the driver of an older model white car. Mr. Modica also described the driver as having long hair. Two other witnesses, Veronica Mathis and Brooks Evance, testified that they saw a car similar to Hall's vehicle parked at the location where the victim alleged that she was raped.

Furthermore, the victim testified concerning the circumstances of the rape and made an in-court identification of Hall as her attacker. According to the abstract, the reliability of that identification was not challenged, and Hall does not raise any issue regarding a failure to challenge that identification in this appeal. We have often held, moreover, that the uncorroborated testimony of a rape victim may constitute substantial evidence to sustain a conviction of rape. *See Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995). Accordingly, Hall was not prejudiced by his attorney's alleged failure to suppress evidence that served to corroborate the victim's testimony.

Affirmed.