Alexander STEWART  *v.*  STATE of Arkansas

CA CR 03-1388                                    195 S.W.3d 385

Court of Appeals of Arkansas
Opinion delivered October 13, 2004

*Stuart Vess*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case pled guilty to sexual abuse in the first degree in 1999 and was sentenced to five years' probation. On March 12, 2003, the State filed a petition to revoke, alleging that he violated the terms of his probation by committing the offense of rape on November 11, 2002. After a jury trial, appellant was convicted of rape and sentenced to twelve years' imprisonment. Following a revocation hearing held after the jury trial, the appellant was found to have violated the conditions of his probation by committing the offense of rape, and was sentenced to five years' imprisonment for violating the conditions of his probation. From those decisions, comes this appeal.

For reversal, appellant contends that the evidence identifying him as the rapist is insufficient to support either his conviction of rape or the revocation of his probation. We affirm.

■ We first address appellant's contention that the identification evidence is insufficient to support his conviction. Our standard of review is well-settled:

> In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. We do not reweigh the evidence but determine instead whether the evidence supporting the verdict is substantial. We affirm a conviction if substantial evidence exists to support it. Evidence, whether direct or circumstantial, is sufficient to support a conviction if it is forceful enough to compel reasonable minds to reach a conclusion without having to resort to speculation or conjecture. We do not, however, weigh the evidence presented at trial, as that is a matter for a factfinder. Nor will we weigh the credibility of the witnesses.

*Clem v. State*, 351 Ark. 112, 116, 90 S.W.3d 428, 429-30 (2002) (internal citations omitted).

■ The thrust of appellant's argument is that the evidence is insufficient because the victim was unable to recognize and identify him at trial. Appellant cites *Synoground v. State*, 260 Ark. 756, 543 S.W.2d 935 (1976), for the proposition that a conviction must be reversed if a victim is unable to identify the accused in court. However, *Synoground* does not stand for that proposition, but merely held that patently unreliable identification testimony should be excluded. To the contrary, *Synoground* states that the reliability of eyewitness identification of a defendant is normally a question for the jury, and that, if it is not argued that the procedures leading to the identification were constitutionally infirm, it is up to the jury to determine whether the eyewitness identification is reliable. *Id.*; *Phillips v. State*, 344 Ark. 453, 40 S.W.3d 778 (2001).

■ Here, it cannot be said that the victim's identification of appellant was unreliable. The record shows that the victim was employed as a night-shift medical records secretary at a hospital. Access to the medical records room required a key or a key card. On the day that the victim commenced her employment, she was introduced to and spoke with Alexander Stewart, who said that he

needed to meet her because he was the supervisor on her shift. Approximately one week after commencing work at the hospital, the victim was working alone during the night shift when she received a telephone call from her supervisor, who identified himself as Alex and stated that he was coming over to the medical records room to explain her duties to her. The victim's supervisor arrived shortly thereafter and, after engaging in conversation with the victim for some time, pushed her to the ground and raped her. The victim reported the rape to the hospital human resources officer, and then to the police department.

Although the victim, when asked at trial if the rapist was in the courtroom, was initially unable to recognize appellant, she did state positively that the man who raped her was the person she met on her first day at work who identified himself as Alex. In addition, Adrian Hollaway, a medical director for the hospital, did recognize appellant in the courtroom. Mr. Hollaway positively identified appellant as the Alexander Stewart who was the victim's supervisor on the night the rape occurred.

■ Although the identification of the defendant as the perpetrator of the crime is an element of every criminal case, there is no requirement that the identification must be provided by the victim, and identity has been held to have been sufficiently proven where the evidence was many times more sparse and circumstantial than the evidence in the present case. *See, e.g., Womack v. State*, 301 Ark. 193, 783 S.W.2d 33 (1990); *Becker v. State*, 298 Ark. 438, 768 S.W.2d 527 (1989). Here, although the victim was unable to identify appellant as the rapist at trial, she testified that she *did* recognize the rapist at the time of the rape, and that the rapist was her supervisor. Given that there was other evidence to show that appellant was in fact the victim's supervisor at the time in question, we hold that the jury was not required to find that the identification of appellant was patently unreliable, and that there is substantial evidence identifying appellant as the rapist. *See Green v. State*, 310 Ark. 16, 832 S.W.2d 494 (1992). Appellant's conviction is affirmed.

■ Appellant also argues that the evidence is insufficient to support a finding that he violated the terms of his probation by committing the rape for which he was convicted. We do not agree. During the revocation proceeding that followed the trial, the victim did in fact positively identify appellant as the rapist, explaining her earlier difficulty in identification as the result of appellant

having changed his hairstyle, adding facial hair, and gaining weight since the time of the rape. In light of this testimony, and the evidence discussed in our foregoing analysis of his rape conviction, we cannot say that the trial court's finding that appellant raped the victim is clearly erroneous. *See Lewis v. State*, 295 Ark. 499, 749 S.W.2d 672 (1988). The revocation of appellant's probation is therefore affirmed.

Affirmed.

GLADWIN, ROBBINS, GRIFFEN and BAKER, JJ., agree.

NEAL, J., dissents.

OLLY NEAL, Judge, dissenting. I respectfully dissent from the decision affirming appellant's rape conviction because I do not believe that the evidence identifying him as the rapist is sufficient.

During her testimony, the victim said that the "Alexander Stewart" that raped her was the same man that she met on November 2 when she started working. However, when asked if she saw "Alexander Stewart" in the courtroom, the victim replied, "I do not see 'Alexander Stewart' in the courtroom today. I don't think I see him. I met him on the second." When asked during redirect if she saw "Alexander Stewart" in the courtroom, the victim testified as follows:

> I think I may see Alexander Stewart. I don't know for sure what he looks like now. I knew what he looked like at that time, but I may see him when I happen to look over there. Well now, I just looked over there where she's sitting at not long ago and that could be him sitting there. He looked different at the time.

The uncorroborated testimony of a rape victim may constitute substantial evidence to sustain a conviction of rape. *Hall v. State*, 329 Ark. 567, 951 S.W.2d 557 (1997). This is especially true when the victim testifies as to the details of the rape and is able to identify the perpetrator. *See Maulding v. State*, 296 Ark. 328, 757 S.W.2d 916 (1988). Furthermore, when a witness makes a positive identification of a suspect, any challenge to the reliability of the identification becomes a matter of credibility for the factfinder to determine, and the factfinder's decision will not be disturbed on appeal when there is substantial evidence to support it. *Bowman v. State*, 83 Ark. App. 223, 125 S.W.3d 833 (2003) (quoting *Stipes v. State*, 315 Ark. 719, 870 S.W.2d 388 (1994)).

Here, the victim was unable to positively identify the perpetrator. The only person that was able to identify appellant as "Alexander Stewart" was Adrian Holloway. During her testimony, Ms. Holloway acknowledged that appellant was the victim's immediate supervisor but said that appellant was not working at the time of the rape. I believe that without a positive identification or testimony placing the appellant on the scene at the time of the incident, the jury had to resort to speculation and conjecture. Therefore, I would reverse appellant's rape conviction.

However, I agree that due to the lesser burden of proof and the victim's enhanced identification during the revocation hearing, the revocation of appellant's probation was supported by substantial evidence. Thus, I would reverse appellant's rape conviction and affirm the revocation of appellant's probation.