Justin EWELL  *v.*  STATE of Arkansas

CR 08-584                                        289 S.W.3d 101

Supreme Court of Arkansas
Opinion delivered November 20, 2008

*William R. Simpson, Jr.*, Public Defender, *Brenna Ryan*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.

ELANA CUNNINGHAM WILLS, Justice. Following a bench trial in the Pulaski County Circuit Court, appellant Justin Ewell was convicted of aggravated robbery, theft of property, and two counts of kidnapping. Ewell received an enhanced sentence of life imprisonment under Ark. Code Ann. § 5-4-501(d)(1)(A) (Supp. 2007) for aggravated robbery because of his previous violent felony convictions. The trial court also sentenced Ewell to serve three concurrent ten-year sentences for the theft of property and kidnapping convictions. On appeal, Ewell brings one point for reversal,

arguing that the trial court erred by denying this motion for a directed verdict. We affirm.

The State presented evidence that on July 22, 2005, victims Courtney Orange and Farren Norwood were at a carwash cleaning a car belonging to Orange's boyfriend. Both victims testified that they saw Ewell approach them with a gun and demand the car from Orange. The keys were in the ignition, but Ewell was unable to start the car. The victims testified that Ewell then got out of the car and ordered them, at gunpoint, to get into the car with him. They complied. Once the car was started, with Orange and Norwood inside, Ewell lost control of the car after exiting the carwash, crashed it into a drainage ditch, and ran away from the scene. Orange and Norwood later identified Ewell from a photo line-up at the police station and he was arrested.

This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Boyd v. State*, 369 Ark. 259, 253 S.W.3d 456 (2007). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. On appeal, this court does not weigh the evidence presented at trial, as that is a matter for the fact-finder; nor does the appellate court assess the credibility of the witnesses. *Ridling v. State*, 360 Ark. 424, 203 S.W.3d 63 (2005).

Ewell specifically argues that the trial court erred by denying his motion for a directed verdict because the State failed to introduce substantial evidence that identified him as the perpetrator of the theft, robbery, and kidnapping. Although victims Orange and Norwood identified Ewell as the perpetrator in a pretrial photo line-up and in the courtroom, when they were asked on cross-examination whether they noticed a small tattoo on his face, they responded that they did. However, the victims testified that they did not report to police that the perpetrator had any identifying tattoos. Ewell argues that the victims' failure to report that the perpetrator had a tattoo on his face rendered their eyewitness testimony so inconsistent that it was insufficient to identify him as the perpetrator.

Unless there is an allegation of a constitutional violation in an eyewitness identification procedure, the reliability of a

witness's identification is a question for the fact-finder. *Phillips v. State,* 344 Ark. 453, 40 S.W.3d 778 (2001). On appeal, the fact-finder's decision will not be disturbed when it is supported by substantial evidence. *Stipes v. State,* 315 Ark. 719, 870 S.W.2d 388 (1994). This court has repeatedly held that "unequivocal testimony identifying the appellant as the culprit is sufficient to sustain a conviction." *Id.* at 721, 870 S.W.2d at 389.

Here, the victims' pretrial and in-court identification of Ewell was unequivocal and provided sufficient evidence to support his convictions. Even if Ewell had established that his tattoo pre-dated the theft, robbery, and kidnapping, which he did not, any alleged inconsistencies in eyewitness testimony became an issue of credibility for the fact-finder to determine. Accordingly, we affirm the trial court's verdict.

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Ewell, and no prejudicial error has been found.

Affirmed.