SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–14–89

MICHAEL L. WILLIAMS

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** October 22, 2014

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION
[NO. CR-2012-3694]

HONORABLE HERBERT T. WRIGHT, JUDGE

AFFIRMED

---

## PHILLIP T. WHITEAKER, Judge

Appellant Michael Williams appeals his Pulaski County jury convictions on five counts of aggravated robbery and five counts of theft of property, all with firearm enhancements, for which he was sentenced to a total of fifty years in the Arkansas Department of Correction.[1] Williams contends that the trial court erred in denying his motion for a directed verdict on all counts. Finding no error, we affirm.

The facts are as follows: on October 19, 2012, Courtney Griggs, Emily DeYmaz, Neal White, Andrew "Mack" Collins, and Brandon Bardell were robbed at gunpoint by several men at an apartment complex on Green Mountain Drive in Little Rock, Arkansas. None of

---

[1]Williams was sentenced to fifteen years on each aggravated robbery count plus an additional ten years on each count for a firearm enhancement. He was sentenced to five years on each theft count with an additional five years as a firearm enhancement. Two of the aggravated robbery convictions were ordered to run consecutively. All other robbery and theft counts were ordered to run concurrently.

the victims were certain how many men were involved in the robbery—the number ranged from three to five. One of the robbers held a gun to Griggs's head during the robbery. Griggs's purse, containing her keys, wallet, and mother's debit card, was stolen, as were DeYmaz's iPhone, keys, and identification. The robbers also stole wallets, keys, and cell phones from White, Collins, and Bardell. The robbers drove off in Collins's truck and a white Chevy Impala.

After the robbers left, Griggs called the police on the cell phone she had hidden in her boot. She also called her mother. At the time of the call to her mother, Griggs was hysterical. Griggs told her mother that someone with a scar on his face had held a gun to her head and that they had been robbed.

When the police arrived, they took statements from the victims. The victims were still quite upset and taking their information was difficult. While the victims were able to provide a general description of the robbers, none of the victims informed the officers that one of the robbers suffered from facial scarring.

Officers were able to use the Find My iPhone app on one of the stolen phones to track its location. Officers tracked the phone to a location in North Little Rock and observed a white Chevy Impala matching the suspect vehicle's description parked near the Cana Food Store on Pike Avenue. One of the officers observed Williams exit the store and open the door of the Impala. Williams was searched, and the officers located one of the stolen phones, Griggs's keys, the stolen debit card, and a firearm on his person. The tracked phone was located inside the store.

Williams was subsequently charged with five counts of aggravated robbery and five counts of theft of property, all with firearm enhancements.[2] He was also charged with being a felon in possession of a firearm; however, that charge was severed for trial and later dismissed.

At trial, three of the victims (Griggs, DeYmaz, and White) positively identified Williams, who suffers from significant facial scarring, as the person who held a gun to Griggs's head during the robbery. Defense counsel did not object to the in-court identifications, but did question each witness extensively about their failure to mention Williams's scarring to the police on the night of the robbery or thereafter. Griggs admitted that her statement to police did not mention Williams's scarring, but testified of her phone call and identification of the facial scarring of her assailant to her mother on the night of the incident. This testimony was corroborated by that of her mother. Griggs also identified the firearm taken off Williams at the time of his arrest as matching the gun used by Williams in the robbery.

At the conclusion of the State's case, defense counsel moved for a directed verdict on the basis that the victims had not placed Williams at the scene of the robbery until trial, and that the only person to place him there prior to trial was Griggs's mother. Yet, he argued, Griggs's mother was not present at the robbery and did not identify Williams until three days before trial. Thus, the evidence necessary to prove that Williams committed the offenses was

---

[2] Two other men, Antonio Bozeman and Michael Bell, were also charged with five counts of aggravated robbery and five counts of theft of property, all with firearm enhancements, as well as being habitual offenders. Williams was tried separately from Bozeman and Bell.

SLIP OPINION

lacking. The trial court denied the motion. The jury ultimately convicted Williams on all counts, and Williams appeals.

Williams argues that the trial court erred by denying his motion for a directed verdict because the State failed to introduce substantial evidence that identified him as the perpetrator of the robberies and theft. He claims that the victims' failure to report that the perpetrator had substantial scarring on his face rendered their eyewitness testimony so incredible that it was insufficient to identify him as the perpetrator.

This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Boyd v. State*, 369 Ark. 259, 253 S.W.3d 456 (2007). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id*. On appeal, this court does not weigh the evidence presented at trial, as that is a matter for the fact-finder; nor does the appellate court assess the credibility of the witnesses. *Ridling v. State*, 360 Ark. 424, 203 S.W.3d 63 (2005).

Williams's appeal is essentially a challenge to the credibility of the eyewitnesses' identification and the weight of this testimony. He asserts that the in-court identifications labeling him as the perpetrator were "flimsy" and insufficient to support his convictions. Unless there is an allegation of a constitutional violation in an eyewitness identification procedure, the reliability of a witness's identification is a question for the fact-finder. *Phillips*

*v. State*, 344 Ark. 453, 40 S.W.3d 778 (2001). On appeal, the fact-finder's decision will not be disturbed when it is supported by substantial evidence. *Stipes v. State*, 315 Ark. 719, 870 S.W.2d 388 (1994). The Arkansas Supreme Court has repeatedly held that "unequivocal testimony identifying the appellant as the culprit is sufficient to sustain a conviction." *Id*. at 721, 870 S.W.2d at 389.

Here, the victims' in-court identifications of Williams as the perpetrator were unequivocal and provided sufficient evidence to support his convictions. Any alleged inconsistencies in eyewitness testimony became an issue of credibility for the fact-finder to determine. Accordingly, we affirm the jury's verdicts.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Jeff Rosenzweig*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.