Cite as 2020 Ark. 369

# SUPREME COURT OF ARKANSAS
No. CR-19-732

| | | |
|---|---|---|
| GREGORY J. MARTIN | | Opinion Delivered: November 12, 2020 |
| | PETITIONER | |
| | | PRO SE MOTION FOR BELATED APPEAL |
| V. | | [MILLER COUNTY CIRCUIT COURT, NO. 46CR-17-440] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | PRO SE MOTION FOR BELATED APPEAL GRANTED; IN FORMA PAUPERIS STATUS GRANTED; WRIT OF CERTIORARI TO BE FILED WITHIN FOURTEEN DAYS. |

**COURTNEY RAE HUDSON, Associate Justice**

On July 9, 2018, the Miller County Circuit Court entered a sentencing order reflecting that petitioner Gregory J. Martin had been convicted of aggravated robbery for which he was sentenced to 156 months' imprisonment in the Arkansas Department of Correction. On September 19, 2019, a partial record was tendered to this court, and on the same date, Martin filed his motion for belated appeal requesting leave to proceed with a belated appeal of his conviction. Martin's motion for belated appeal was timely filed within the eighteen-month time limitation. *See* Ark. R. App. P.–Crim. 2 (2019).

Arkansas Rule of Appellate Procedure–Criminal 16 (2019) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the circuit court or the

appellate court to withdraw in the interest of justice or for other sufficient cause.  Ark. R. App. P.–Crim. 16(a)(i).  A defendant may nevertheless waive the right to appeal by failing to inform counsel of his or her desire to appeal within the thirty-day period allowed for filing a notice of appeal under Arkansas Rule of Appellate Procedure–Criminal 2(a).  *Beene v. State*, 2018 Ark. 120.

After this matter was remanded for an evidentiary hearing, *see Martin v. State*, 2020 Ark. 204¸ the trial court submitted findings of fact and a supplemental record.  The trial court found that the testimony of both Martin and his counsel, Jasmine Crockett, was credible.  The trial court determined that although Crockett intended to withdraw as counsel and made that intent clear to Martin, no order was entered withdrawing Crockett as counsel of record pursuant to Rule 16.  The trial court also determined that, in his communications with Crockett, Martin had indicated his intent to appeal and that it was his belief an appeal was being pursued on his behalf.

We grant the motion for belated appeal.  Our clerk is directed to lodge the partial record that has been tendered to this court.  Although the motion before us was filed by Martin pro se, Crockett remains attorney of record, and the appeal is to be docketed reflecting as much.  The State has not contested Martin's request to proceed as a pauper, and we accordingly grant in forma pauperis status to Martin.  Because Crockett is attorney of record, she is responsible for proceeding as counsel.  Counsel Crockett is directed to file an appropriate petition for writ of certiorari to complete the record lodged for the appeal

within fourteen days from the date of this order. When the supplemental record is received, our clerk will set the briefing schedule for appeal.

Pro se motion for belated appeal granted; in forma pauperis status granted; writ of certiorari to be filed within fourteen days.