Cite as 2021 Ark. App. 463

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–19–732

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** November 17, 2021 |
| GREGORY J. MARTIN | | APPEAL FROM THE MILLER |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 46CR-17-440] |
| V. | | |
| | | HONORABLE KIRK JOHNSON, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Gregory Martin appeals[1] after he was convicted by a Miller County Circuit Court jury of aggravated robbery. He was sentenced to serve 156 months' imprisonment in the Arkansas Department of Correction. On appeal, appellant argues that there is insufficient evidence linking him to the aggravated robbery. We affirm.

### I. *Relevant Facts*

Appellant was charged by amended criminal information with aggravated robbery in violation of Arkansas Code Annotated section 5-12-103 (Repl. 2013), a Class Y felony. The State alleged in the amended criminal information that appellant committed the aggravated robbery either acting alone or as an accomplice. A jury trial was held on June 21, 2018.

---

[1]Our supreme court previously granted appellant's motion to file a belated appeal and subsequently transferred the case to our court. *See Martin v. State*, 2020 Ark. 369.

From the testimony presented at trial, the following relevant chain of events occurred in the early morning hour of May 9, 2017. At approximately 2:00 a.m., Jacqueline Horton, the victim, and her two children arrived at their home in Texarkana after shopping at Walmart. As Ms. Horton pulled up to her house, two men, later identified as Charod Robinson and appellant, approached her car. Charod Robinson pointed a gun at Ms. Horton and said, "You know what this is, right?" Ms. Horton told her kids to run inside the house. Both men were wearing dark-colored gloves, and the person later identified as the appellant was wearing a blue bandana over his nose and mouth. While Charod Robinson kept his gun pointed at Ms. Horton, appellant searched her car and took a cell phone, Ms. Horton's keys, and between $400 and $500 in cash. The men left on foot.

Shortly after 2:00 a.m., Texarkana Police Officer Douglas Pearson was patrolling the neighborhood near Ms. Horton's residence. Officer Pearson testified that he was patrolling the area because there was a significant increase in the crime rate. Officer Pearson stated that he saw a man dressed in a hoodie and dark pants with his hands in his pocket walking down the street. Officer Pearson considered the man suspicious and stopped and interviewed the man. The man identified himself as Charod Robinson, and he said that he was walking to his sister's house on Summerhill Road approximately six miles away. Officer Pearson ran Robinson's identification but the search revealed no outstanding warrants, and Robinson was allowed to leave. Robinson continued to walk, and Officer Pearson drove around the block but watched Robinson from a distance.

At nearly the same time and a couple of blocks over, at 2:19 a.m., Officer Johnathon Burkes pulled appellant over for driving a car without a license plate. Officer Dakota Easley

2

and Officer Nathan Lavender arrived to backup Officer Burkes. Officer Burkes and two other officers searched appellant's car with appellant's consent. During the search, the officers found black cotton gloves, Charod Robinson's driver's license, several cell phones, and a blue bandana. Officer Easley recognized the name Charod Robinson as being the same name that Officer Pearson had just stopped a couple of blocks away and released.

Ms. Horton had decided to stay at a hotel because the persons who had robbed her had taken the keys to her house. As Ms. Horton was driving only a couple of blocks from her house, she saw the officers who had stopped the appellant. Ms. Horton stopped to report the aggravated robbery. While reporting the aggravated robbery, Ms. Horton pointed at appellant and stated that he sounded and looked like one of the men who had just robbed her. Accordingly, Officer Easley radioed Officer Pearson to relocate Charod Robinson. Officer Pearson stopped Robinson a second time, searched him, and found $457 in cash in his back pocket. Other officers had arrived to assist at appellant's traffic stop, and Officers Easley and Lavender drove around the block to assist Officer Pearson with Charod Robinson. Officers Easley and Lavender searched the area and found Ms. Horton's stolen keys. The officers then retraced Charod Robinson's path and found a 9mm handgun. Both appellant and Robinson were subsequently arrested for aggravated robbery.

At trial, Ms. Horton testified that during the aggravated robbery, she heard the two men talking, and she stated that they had a Californian accent. In the courtroom, she specifically identified appellant as the man who had robbed her and stated that he was the man who was wearing the blue bandana during the aggravated robbery. Ms. Horton further

identified the blue bandana, black gloves, and handgun in pictures of items recovered as objects that were used in the aggravated robbery.

After the State rested its case, appellant moved for a directed verdict. He argued as he does on appeal that the State failed to present sufficient evidence linking him to the aggravated robbery. The circuit court denied the motion, noting that "[t]here is overwhelming circumstantial evidence that the Defendant was involved in the aggravated robbery, and there has been a positive ID of Mr. Martin in court today." After the defense rested, appellant renewed his directed-verdict motion, and the circuit court again denied the motion. The jury found appellant guilty of aggravated robbery, and the circuit court sentenced appellant to thirteen years' imprisonment. This appeal followed.

## II. *Sufficiency*

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id*. We will affirm a judgment of conviction if substantial evidence exists to support it. *Id*. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id*. Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id*. Further, the credibility of witnesses is an issue for the jury,

4

not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong*, *supra*.

"A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102 (Repl. 2013). A person commits aggravated robbery if he or she commits robbery as defined in Arkansas Code Annotated section 5-12-102, and the person

(1) Is armed with a deadly weapon;

(2) Represents by word or conduct that he or she is armed with a deadly weapon; or

(3) Inflicts or attempts to inflict death or serious physical injury upon another person. Ark. Code Ann. § 5-12-103(a). "Serious physical injury" is defined as physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." Ark. Code Ann. § 5-1-102(21) (Repl. 2013).

Under accomplice liability, "[a] person may commit an offense either by his or her own conduct or that of another person." Ark. Code Ann. § 5-2-401 (Repl. 2013). "A person is criminally liable for the conduct of another person if . . . [t]he person is an accomplice of another person in the commission of an offense[.]" Ark. Code Ann. § 5-2-402(2). A person is an accomplice of another person if, with the purpose of promoting or facilitating the commission of the offense, he or she solicits, advises, encourages, coerces,

5

aids, agrees to aid, or attempts to aid in planning or committing the offense. Ark. Code Ann. § 5-2-403(a)(1)–(2).

When a theory of accomplice liability is implicated, we affirm the circuit court's order in a sufficiency-of-the-evidence challenge if substantial evidence shows that the defendant acted as an accomplice in the commission of the alleged offense. *Price v. State*, 2019 Ark. 323, 588 S.W.3d 1. There is no distinction between principals on the one hand and accomplices on the other, insofar as criminal liability is concerned. *Id.* When two people assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of all. *Id.* One cannot disclaim accomplice liability simply because he or she did not personally take part in every act that went to make up the crime as a whole. *Id.* Relevant factors in determining the connection of an alleged accomplice to a crime include the presence of the accused in proximity to a crime, the opportunity to commit the crime, and an association with a person involved in the crime in a manner suggestive of joint participation. *Williams v. State*, 2017 Ark. 287, 528 S.W.3d 839. Finally, our supreme court has held that concert of action to commit an unlawful act may be shown by circumstantial evidence, without direct proof of a conspiracy agreement. *Id.*

Appellant argues that there is insufficient evidence linking him to the aggravated robbery. He more specifically alleges that there was no scientific evidence connecting him to the crime; Ms. Horton's testimony at trial conflicted with statements she made to law enforcement before trial; the testimony of the investigating officer was inconsistent; there was nothing presented at trial showing that the vehicle identification number was associated with Robinson; and the search of the vehicle appellant was driving did not produce any

6

evidence tying appellant to the aggravated robbery. Therefore, appellant concludes, because there is a lack of evidence connecting him to the aggravated robbery, we should reverse and dismiss his conviction. We disagree.

Ms. Horton positively identified appellant in the courtroom as one of the two men who had committed the aggravated robbery. Ms. Horton testified that appellant was one of the two men who robbed her at gunpoint. She detailed how appellant's accomplice, Charod Robinson, pointed a gun at her while the appellant took over $400 in cash, a cell phone, and her keys. When a witness makes a positive identification of a suspect, any challenge to the reliability of the identification becomes a matter of credibility for the fact-finder to determine. *Turner v. State*, 2018 Ark. App. 5, 538 S.W.3d 227. Further, Ms. Horton testified that the two men who robbed her wore black gloves and that one of the men wore a blue bandana. Black gloves and a blue bandana were found in appellant's car during the search. Further, Ms. Horton's keys were found near where Charod Robinson was stopped, and a 9mm handgun was found along the path from Ms. Horton's residence. The jury is free to believe all or part of a witness's testimony, and we do not weigh the credibility of witnesses on appeal, since that is a job for the fact-finder and not the appellate court. *Id*. A fact-finder's decision will not be disturbed on appeal when there is substantial evidence to support it. *Stipes v. State*, 315 Ark. 719, 870 S.W.2d 388 (1994). Moreover, our supreme court "has consistently held that unequivocal testimony identifying the appellant as the culprit is sufficient to sustain a conviction." *Id*. at 721, 870 S.W.2d at 389. Viewing this evidence in the light most favorable to the jury's verdict, the State provided

sufficient evidence to support the appellant's conviction for aggravated robbery. Accordingly, we affirm.

Affirmed.

HARRISON, C.J., and MURPHY, J., agree.

*Craig Lambert*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.