Cite as 2024 Ark. App. 492

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-23-801

| | |
|---|---|
| CHARLES HENRY DOBBINS<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered  October 9, 2024<br><br>APPEAL FROM THE DREW COUNTY CIRCUIT COURT<br>[NO. 22CR-22-209]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED |

## WENDY SCHOLTENS WOOD, Judge

Charles Dobbins appeals a Drew County Circuit Court sentencing order convicting him of second-degree sexual assault (Class B felony) and sentencing him as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(b) (Supp. 2023) to serve forty years in prison and to pay a $15,000 fine. On appeal, Dobbins contends that the circuit court erred in failing to grant his motion for directed verdict when there was insufficient evidence that the victim identified him as the person who had sexually assaulted her. We affirm.

Dobbins was charged with rape and second-degree sexual assault. The testimony presented at trial established that twelve-year-old MV was spending the night with her grandmother, Virgie Smith, in July 2022. Smith testified that before she fell asleep, both MV and her nephew, whom she identified as Dobbins,[1] were in her home. Smith said she woke up

_____

[1]The record indicates that Dobbins was sixty-five years old at the time of trial.

and went to check to be sure the doors were locked. Smith saw a light on in a bedroom and went to turn it off. When she entered the room, she saw MV standing by the bed and saw Dobbins "fixing his belt . . . fixing his clothes on him . . . straightening his clothes," which Smith thought was unusual. Due to Dobbins's demeanor, Smith thought he had been drinking. She testified that she asked Dobbins what he was doing and told him he had to leave, explaining, "[W]hat am I supposed to think, you know, a man and a woman in a room together, you know." Smith said Dobbins left without saying a word to her. Smith then asked MV what was "going on." As a result of her discussion with MV, Smith told MV to get her mother, who is Smith's daughter and who lived behind her.

Barbara Miller, MV's mother, testified that she received a call from MV late that evening, which prompted her go to Smith's home. After speaking with MV, Miller filed a police report and took MV to Arkansas Children's Hospital (ACH).

Katlyn Davis, a nurse at ACH, testified that she was working in the emergency room on July 12, 2022, when MV was brought in. Davis performed a rape-kit examination but did not see any injuries on MV during the examination.

Monticello Police Officer Ben Hines testified that he participated in the investigations of the rape and sexual-assault allegations involving MV. He retrieved the rape kit from ACH and delivered it to the Arkansas State Crime Laboratory along with clothing collected and oral swabs from both MV and Dobbins, which he also submitted to the crime lab. Hines did not notice any injuries or bruising on MV when he interviewed her.

At trial, MV[2] testified that that she is thirteen and recalled something happening at her grandmother's house, which resulted in her going to the hospital. MV testified that she was in a bedroom by herself when a person, whom she identified as a "boy," came into the bedroom. Using anatomically correct dolls, MV demonstrated that the person touched her vagina with his penis. MV said that she was lying on the bed when this occurred. MV answered affirmatively when asked whether a penis went into her vagina. MV testified that her grandmother came into the bedroom while she and the person were in the bedroom and that her grandmother saw the person who was in the room.

On cross-examination, MV said that she never told the investigating officer that the person's penis touched her vagina but instead told the officer that the person used his fingers. MV also acknowledged that she told police that the person held her down by her arms and neck and tried to choke her. MV said that the person made her take her clothes off. She stated that when her grandmother came into the room, she was lying on the bed.

Jonathan Kordsmeier, a forensic DNA analyst with the crime lab, testified that he performed testing on the samples from MV's vaginal swab and cuttings from her underwear. He explained that the testing showed an "indication" of male DNA but that the male contributions were not sufficient for autosomal processing, which means standard DNA analysis.

The State rested, and Dobbins moved for a directed verdict on both charges of rape and sexual assault. Counsel argued, in part, that the State had "failed to make a prima facie case with

---

[2]During the parties' pretrial discussions with the court, voir dire, and opening statements, MV was described as developmentally delayed—she has Down Syndrome and does not have verbal skills commensurate with her age.

respect to the alleged victim. I don't think there was any testimony elicited from the victim as to the identity of the person allegedly engaged" in the rape and sexual assault. The circuit court denied the motion.

Dobbins did not testify, the defense rested, and counsel renewed the motion for directed verdict, which was denied. The case was submitted to the jury on both rape and sexual assault. The jury convicted Dobbins of second-degree sexual assault. This appeal followed.

In reviewing the denial of a motion for directed verdict, we treat the motion as a challenge to the sufficiency of the evidence. *Goins v. State*, 2019 Ark. App. 11, at 4, 568 S.W.3d 300, 303. When reviewing a challenge to the sufficiency of the evidence, this court must view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Bahena v. State*, 2023 Ark. App. 261, at 2, 667 S.W.3d 553, 555. A conviction will be affirmed if substantial evidence supports it. *Price v. State*, 2019 Ark. 323, at 4, 588 S.W.3d 1, 4. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id.*, 588 S.W.3d at 4. Witness credibility, the weight of the evidence, and the resolution of any conflicts or inconsistencies in testimony or evidence are matters for the fact-finder. *Thatcher v. State*, 2023 Ark. App. 369, at 4, 675 S.W.3d 439, 442.

Dobbins argues that the circuit court erred when it failed to grant his motion for directed verdict because there was insufficient evidence that MV identified him as the person who had sexually assaulted her. We disagree.

A person commits second-degree sexual assault when he or she is eighteen years of age or older and engages in sexual contact with another person who is less than fourteen years of

4

age. Ark. Code Ann. § 5-14-125(a)(3) (Supp. 2023). The supreme court has stated that it is essential to every case that the defendant be shown as the one who committed the crime, and we have further held that an element to be proved in every case is that the person who stands before the court in the position of the defendant is the one whom the indictment or information accuses and to whom the evidence is supposed to relate. *Witcher v. State*, 2010 Ark. 197, at 5, 362 S.W.3d 321, 324 (citing *Standridge v. State*, 357 Ark. 105, 113, 161 S.W.3d 815, 818 (2004)). That connection, however, can be inferred from all the facts and circumstances that are in evidence. *Id.*, 362 S.W.3d at 324 (citing *Womack v. State*, 301 Ark. 193, 198–99, 783 S.W.2d 33, 36 (1990)).

Dobbins argues that the State's proof of identity is insufficient because there was no testimony by MV regarding a description of him, whether she knew him, or whether the person who touched her was the same person whom her grandmother saw in the bedroom. Dobbins also contends that the State failed to ask MV to "point out the person who sexually assaulted her in court." Dobbins further argues that Smith's testimony was limited to her observation that he was "fixing his clothes" and that MV was standing by the bed; Dobbins never admitted any improper contact with MV; and there was insufficient male DNA for testing that would identify Dobbins as having had sexual contact with MV.

An in-court identification of the defendant by the victim is not required. In *Stewart v. State*, 88 Ark. App. 110, 113, 195 S.W.3d 385, 387 (2004), we stated that "[a]lthough the identification of the defendant as the perpetrator of the crime is an element of every criminal case, there is no requirement that the identification must be provided by the victim[.]" The

5

victim in *Stewart* was unable to identify appellant as the rapist at trial; however, we noted that the victim did recognize the rapist at the time of the rape and that the rapist was her supervisor. We concluded, "Given that there was other evidence to show that appellant was in fact the victim's supervisor at the time in question, we hold that the jury was not required to find that the identification of appellant was patently unreliable, and that there is substantial evidence identifying appellant as the rapist." *Id.*, 195 S.W.3d at 387.

Here, Smith testified that she walked into the bedroom where Dobbins and MV were together and that Dobbins was "fixing his clothes" and fastening his belt. MV testified that she was by herself in a bedroom when a person, whom she identified as a male, came into the room. MV said that the person touched her vagina with his penis and that the individual was the one whom Smith saw in the bedroom with MV. MV testified that the incident resulted in her being taken to the hospital. Smith identified Dobbins in court as the person who was in the bedroom with MV.

Considering the evidence presented, we hold that there is substantial evidence of Dobbins's identity as the perpetrator of the crime and affirm the conviction.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.