Steven Robert ROGERS v. STATE of Arkansas

CR 85-199                                    711 S.W.2d 461

Supreme Court of Arkansas
Opinion delivered June 16, 1986

*Wood Law Firm*, by: *Steven R. Davis*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Steven Robert Rogers was found guilty of two counts of aggravated robbery and one count of kidnapping. Pursuant to Ark. Stat. Ann. § 41-1001, the court instructed the jury that Rogers had been convicted of three prior felonies and the jury fixed the sentences at twenty years on each count, which the court ordered to be served consecutively. We affirm the judgment.

Appellant first contends the convictions are void because the Information failed to comply with Article 7, Section 49 of our Constitution, which provides that the "[i]ndictments shall conclude: 'Against the peace and dignity of the State of Arkansas'." This information does conclude with the appropriate language, but, as appellant points out, several of our cases have held that the language must follow each count, which was not done here. *Hall* v. *Lackmond*, 50 Ark. 113, 6 S.W. 510 (1887); *Williams* v. *State*, 47 Ark. 230, 1 S.W. 149 (1886); *State* v. *Hazle*, 20 Ark. 156, (1859). However, this objection was not presented to the trial court and cannot be raised for the first time on appeal. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

258

The two remaining arguments are: the trial court erred in permitting the introduction of a certified copy of a docket sheet to prove one of appellant's prior felony convictions and counsel's failure to object to the introduction of the docket sheet constitutes ineffective assistance of counsel.

These arguments, like the first, are also subject to summary denial. There was no objection to the introduction of the docket sheet and claims of ineffective assistance of counsel may not be raised initially by appeal. *Sumlin* v. *State*, 273 Ark. 185, 617 S.W.2d 372 (1981).

Affirmed.