James McNEESE *v.* STATE of Arkansas

CR 98-323                                           976 S.W.2d 373

Supreme Court of Arkansas
Opinion delivered October 8, 1998

*Young & Finley,* by: *Richard H. Young,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant James McNeese appeals the judgment of the Conway County Circuit Court convicting him of three counts of residential burglary and four counts of theft of property, and sentencing him to eleven years in the Arkansas Department of Correction. On appeal, Appellant asserts that the trial court erred in denying his motion to dismiss the first six counts of the information on the ground that the State had

failed to include a *contra pacem* clause ("Against the peace and dignity of the State of Arkansas") following each of those counts, as required by Article 7, § 49, of the Arkansas Constitution of 1874. This case was certified to us from the court of appeals; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(d). We find no error and affirm.

The record reflects that Appellant's jury trial began on the morning of January 6, 1998. After conducting *voir dire* most of the morning, the jury was selected and sworn in by the clerk. Thereafter, around 11:30 a.m., the trial court recessed the trial and sent the jurors to lunch. During the recess, Appellant made a motion to dismiss counts one through six of the information on the ground that the State had failed to include a *contra pacem* clause after each of those six counts. The trial court denied the motion and permitted the prosecutor to orally amend the information to cure the alleged defect. Additionally, the trial court observed that it was clear from the way the information was written that the *contra pacem* clause was intended to apply to all seven counts.

■ ■ Appellant argues on appeal that the trial court erred in denying his motion to dismiss and in permitting the prosecutor to amend the information after the jury had been sworn. We do not reach the merits of the appeal because he failed to raise the issue below in a timely manner. The proper time to object to the sufficiency of an information or indictment is prior to trial. *Prince v. State*, 304 Ark. 692, 805 S.W.2d 46 (1991), *cert. denied*, 114 S. Ct. 1857 (1994), (citing Ark. Code Ann. § 16-85-705 (1987)); *Rogers v. State*, 289 Ark. 257, 711 S.W.2d 461 (1986)). The issue of the inclusion of a *contra pacem* clause goes to the sufficiency of the charging instrument; thus, it must be raised prior to trial to be preserved for appellate review. *Wetherington v. State*, 319 Ark. 37, 889 S.W.2d 34 (1994).

■ Here, Appellant never challenged the sufficiency of the information until the day of trial, after the jury had been chosen and sworn to hear the case. We agree with the State that because jeopardy attaches to the accused once the jury is sworn, *see Smith v. State*, 307 Ark. 542, 821 S.W.2d 774 (1992), it logically follows

that the trial has already begun at that time. Hence, because Appellant failed to raise this argument *prior* to trial, it is not preserved for our review on appeal.

Affirmed.