2013 Ark. 205

**Paul Anthony NORRIS, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–37.**

Supreme Court of Arkansas.

May 16, 2013.

---

Paul Anthony Norris, pro se appellant.

Dustin McDaniel, Att'y Gen., by: Laura Shue, Ass't Att'y Gen., for appellee.

PER CURIAM.

In 2009, appellant Paul Anthony Norris was found guilty by a jury of capital murder, battery in the first degree, and two counts of aggravated robbery. He was sentenced by the court to an aggregate sentence of life imprisonment. We affirmed. *Norris v. State*, 2010 Ark. 174, 368 S.W.3d 52.

Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009).[1] The petition was denied, and appellant brings this appeal. Our jurisdiction is pursuant to Rule 37 and Arkansas Supreme Court Rule 1–2(a)(8) (2012).

This court has held that it will reverse the circuit court's decision granting

---

1. Appellant filed an amendment to the Rule 37.1 petition. The trial court declined to consider the allegations raised in the amended petition because appellant had failed to obtain permission to file an amended petition as required by Rule 37.2(e).

or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State,* 2013 Ark. 162, 2013 WL 1694909; *Banks v. State,* 2013 Ark. 147, 2013 WL 1491272. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State,* 2012 Ark. 155, 400 S.W.3d 694.

In his petition under the Rule, appellant contended that he was not afforded effective assistance of counsel at trial. When considering an appeal from a trial court's denial of a Rule 37.1 petition, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State,* 2013 Ark. 146, 427 S.W.3d 29, 2013 WL 1488574.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State,* 369 Ark. 104, 251 S.W.3d 290 (2007). A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Harrison,* 2012 Ark. 198, 404 S.W.3d 830.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State,* 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State,* 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

Appellant raises five points on appeal. He argued in his petition that the felony information filed in his case was "duplicitous" in that it charged three separate offenses, i.e. capital murder, first-degree battery, and aggravated robbery, that occurred in one course of conduct. He contended that trial counsel should have asked for a bill of particulars that would have forced the prosecution to state the specific acts that it was relying on for a

conviction on each charge. In a related claim, appellant contended that counsel should have been aware of "cross-count prejudice," which he asserted can arise where a jury confuses the evidence for each offense, treats the evidence for the separate offenses as cumulative, and finds the accused guilty of all offenses rather than considering the evidence for each offense individually. He further contended that the counsel had a duty to object to the jury instructions that mentioned robbery when robbery was not one of the offenses specifically charged in the information. While appellant did not contend that his attorney should have sought severance of the charges for trial, he stated that he was denied the right to defend against a robbery charge and the right to assert his privilege against self-incrimination on one offense but not the others.

We cannot say that the trial court erred in denying appellant's claims with respect to the information and jury instructions. There was a three-page felony information filed in appellant's case and an additional three-page amended felony information. The four offenses of which appellant was charged, including aggravated robbery, were described. Counsel for appellant also filed a motion for discovery to which the State responded. The function of a bill of particulars is to require the State to set forth the alleged criminal act in detail and with sufficient certainty to apprise the defendant of the crime charged and enable him to prepare his defense. *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 894 (per curiam); *see also* Ark.Code Ann. § 16–85–301(a) (Repl.2005). Where the information is definite in specifying the offense being charged, the charge itself constitutes a bill of particulars. *See Nance v. State*, 323 Ark. 583, 918 S.W.2d 114 (1996). Further, even where no bill of particulars is filed, there is no prejudice to the ac-

cused on that account when the State complies with its discovery obligation. *Green v. State*, 310 Ark. 16, 832 S.W.2d 494 (1992).

Here, appellant did not demonstrate that the defense was unaware of the offenses charged and the conduct that was alleged to have given rise to the charges. The information and amended information, taken together, spelled out the offenses with which appellant was charged, the statutes alleged to have been violated, which included a statement of the definition of aggravated robbery, and the victim of each offense. Appellant did not offer a convincing argument that there could have been any doubt as to the meaning of robbery in the context of the information or in the jury instructions, and he failed to state a valid ground on which counsel could have objected to either the information or the jury instructions as either pertained to robbery. An attorney cannot be found to be ineffective for failure to make an objection that the petitioner in a postconviction proceeding is unable to establish would have had merit. *See Mitchell v. State*, 2012 Ark. 242, 2012 WL 1950257.

The trial court noted in its order that appellant's challenges to the information and the jury instructions, while couched as allegations of ineffective assistance of counsel, were attempts to contest the sufficiency of the evidence against him. The court was correct that claims challenging the sufficiency of the evidence, even if framed as an allegation of ineffective assistance of counsel, are a direct attack on the judgment and are not cognizable in Rule 37.1 petitions. *Davis v. State*, 2013 Ark. 118, 2013 WL 1091189 (per curiam); *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1.

It should be noted that, if appellant is arguing on appeal that he re-

ceived multiple punishments for the same offense, he did not obtain a ruling on the issue; thus, he did not preserve the issue for appeal. *See Howard,* 367 Ark. 18, 31, 238 S.W.3d 24, 35; *see also Fisher v. State,* 364 Ark. 216, 217 S.W.3d 117 (2005) (It is the appellant's obligation to obtain a ruling in order to preserve an issue for appellate review.). Failure to obtain a ruling on an issue at the trial court level, including a constitutional issue, precludes review on appeal. *Huddleston v. State,* 347 Ark. 226, 61 S.W.3d 163 (2001) (per curiam).

■■■ Furthermore, assuming that appellant may have intended the claim to be an assertion that he was placed in double jeopardy, he offered no fact that supported the claim. While a fundamental claim that would render the judgment in a criminal case void is grounds for relief under Rule 37.1, even fundamental claims must be supported by facts to demonstrate that a fundamental right was denied to a particular petitioner under the facts of his or her case. *Wedgeworth v. State,* 2013 Ark. 119, 2013 WL 1093052 (per curiam); *Crain v. State,* 2012 Ark. 412, 2012 WL 5378266 (per curiam); *Wells v. State,* 2012 Ark. 308, 2012 WL 3364120 (per curiam).

■■■ Appellant was charged and convicted of capital murder in the death of victim Derrick Kellems, whom appellant struck on the head with a two-by-four; first-degree battery of victim Alex Ragan, whom he also struck with the two-by-four; and one count each of aggravated robbery of both Kellems and Ragan. This court found on appeal that the convictions were supported by substantial evidence, and while the robbery of Kellems was included in the capital-murder charge, a separate conviction and sentence was not improper. *See* Ark.Code Ann. § 5–1–110(d)(1)(A) (Supp.2009). Circuit courts have specific authority to sentence a defendant for the underlying felony of the capital murder, as well as the murder itself. *Jackson v. State,* 2013 Ark. 19, 2013 WL 298081 (per curiam); *see also Clark v. State,* 373 Ark. 161, 282 S.W.3d 801 (2008) (citing *Walker v. State,* 353 Ark. 12, 110 S.W.3d 752 (2003)). Appellant did not demonstrate that he was wrongfully convicted.

■■■ As to appellant's related assertion that there was "cross-count prejudice," he was charged with four felony offenses perpetrated against two victims in one episode. The authority that appellant relied on in his petition was *United States v. Foutz,* 540 F.2d 733 (4th Cir.1976). *Foutz* concerned the robberies of the same bank on two different occasions months apart. The reversal of the judgment in *Foutz* was based on a finding that the offenses under the facts in that case should have been tried separately. Appellant made no showing that counsel had any basis to object in his case on the reasoning in *Foutz.*

■■■ As his second point on appeal, appellant contends that his trial counsel was ineffective because he did not object to the fact that a deputy prosecutor signed the information and amended information rather than the prosecutor. The issue is not a jurisdictional matter. *See Davis v. State,* 2011 Ark. 88, 2011 WL 693581 (per curiam). In *State v. Eason,* 200 Ark. 1112, 143 S.W.2d 22 (1940), this court held that an information filed in the name of a deputy was *voidable,* rather than void. We said

There is . . . a presumption that a deputy prosecuting attorney acts under the direction of his superior. Until the authority is questioned and there is a failure of the prosecuting attorney to affirm, the information, being voidable only, is sufficient to bring the defendant before the court, and in consequence such court acquires jurisdiction.

*Id.* at 1114, 143 S.W.2d at 23.

■■■ Appellant presented nothing in his petition to suggest that the deputy

prosecutor in his case acted without the consent of the prosecuting attorney. An entirely conclusory claim is not a ground for postconviction relief. *Glaze v. State,* 2013 Ark. 141, 2013 WL 1384900 (per curiam). The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Thacker v. State,* 2012 Ark. 205, 2012 WL 1631782 (per curiam); *Jones v. State,* 2011 Ark. 523, 2011 WL 6091468 (per curiam); *Payton v. State,* 2011 Ark. 217, 2011 WL 1805340 (per curiam). Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, nor do they warrant granting postconviction relief. *Crain,* 2012 Ark. 412, 2012 WL 5378266.

Appellant's third point on appeal is that counsel was ineffective because he failed to reveal a possible conflict of interest arising from counsel's being related to an employee in the prosecutor's office. The trial court stated in its order that defense counsel was married to the office manager in the prosecutor's office. The court found that appellant had failed to show that the relationship created a conflict of interest that prejudiced the defense. On appeal, appellant argues that counsel's wife took an active part in his case. As substantiation for the allegation, appellant appended to his brief-in-chief three letters that she wrote to appellant in her capacity as office manager concerning a request he had made for a copy of his case file. Those letters do not appear in the record on appeal as attachments to the Rule 37.1 petition filed in the trial court. This court does not consider on appeal information that was not before the trial court when it made its ruling. *See Miles v. State,* 350 Ark. 243, 85 S.W.3d 907 (2002). In response to the allegation of a conflict of interest, the prosecutor append-

ed a copy of a statement signed by counsel's wife dated approximately nine months before appellant's trial. In the statement, counsel's wife stated that she had been advised of, understood, and would abide by, the rules pertaining to conflicts of interest and the need for confidentiality, not only with the general public but also with her husband who was a prospective employee of the public defender's office. The statement provided that if her husband should need any information from a case file, some other person would handle the request. Appellant provided no fact to suggest that defense counsel's wife had not abided by the terms of the statement or that the defense had in any way been prejudiced by the relationship. It is well settled that prejudice is presumed only if the defendant demonstrates that counsel actively represented conflicting interests, and an actual conflict of interest adversely affected counsel's performance. *See Earl v. State,* 2012 Ark. 189, 2012 WL 1547982. It was appellant's burden to establish an actual conflict created by his attorney's relationship to the prosecutor's office manager and that the conflict affected the outcome of the trial. *See Jones,* 2011 Ark. 523, 2011 WL 6091468. An allegation consisting of the mere belief that there could have been a division of loyalties is not sufficient. *Wormley v. State,* 2011 Ark. 107, 2011 WL 835140 (per curiam). As appellant failed to meet his burden of establishing an actual conflict that prejudiced him, the trial court did not err in denying relief on his claim.

Appellant next urges this court to reverse the order of the trial court on the issue of whether counsel was remiss in his preparation for trial. He contends that counsel did not properly research the case, consult with him, interview his co-defen-

dants,[2] or seek an expert witness concerning the medical condition of the State's main witness, who was the surviving victim and who had suffered severe head trauma when he was struck with the two-by-four. The trial court did not err in denying relief on the allegation because the assertion was entirely devoid of factual substantiation to show what counsel could have found had he further researched the case, consulted with appellant, or consulted with any other person. If a petitioner claims ineffective assistance based on a failure to research and adequately prepare for trial, the petitioner must describe how a more searching pretrial investigation would have changed the results of his trial. *Wormley*, 2011 Ark. 107, 2011 WL 835140; *Watson v. State*, 2012 Ark. 27, 2012 WL 234634 (per curiam) (citing *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam)).

 With respect to the allegation that a medical expert should have been consulted regarding the surviving victim who testified against appellant, the petitioner offered nothing to show that a medical witness could have been called to present specific, admissible evidence that the victim was not a competent witness. *See Abernathy*, 2012 Ark. 59, 386 S.W.3d 477; *Fernandez v. State*, 2011 Ark. 418, 384 S.W.3d 520 (per curiam). To demonstrate prejudice, appellant was required to establish a reasonable probability that, had counsel performed further investigation and presented a medical witness, the outcome of the trial would have been different. *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477.

 In his final point on appeal, appellant contends that it was reversible error for the trial court to rule on his claims without a hearing. Pursuant to Arkansas Rule of Criminal Procedure 37.3(a) (2012),

the court considering a Rule 37.1 petition has the discretion to deny relief without a hearing. We have previously interpreted Rule 37.3(a) to provide that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55 (citing *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003) (holding that it is undisputed that the trial court has discretion pursuant to Rule 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing)). On appeal, appellant does not argue that there was any issue raised in his petition that the court could not rule on by referring to the record and the files before it. His allegations did not call for findings of fact to be made on any specific issue, and the trial court was within its discretion to forgo a hearing for that reason. *See Henington*, 2012 Ark. 181, 403 S.W.3d 55.

Having considered the arguments raised by appellant in this appeal, the record, and the order rendered by the trial court, we find no error. Accordingly, the order is affirmed.

Affirmed.

---

2. Appellant was not tried with a codefendant.