

Cite as 2014 Ark. 116

# SUPREME COURT OF ARKANSAS

No. CR-13-764

| | |
|---|---|
| CHRISTOPHER DEWAYNE DODGE<br>APPELLANT | **Opinion Delivered** March 13, 2014 |
| V. | PRO SE MOTION FOR RECORD AND MOTION FOR EXTENSION OF TIME TO FILE BRIEF [SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT, NO. 66CR-11-107] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2012, appellant Christopher Dewayne Dodge was found guilty by a jury of three counts of rape and one count of attempted rape of a minor, and an aggregate sentence of 1152 months' imprisonment was imposed. On appeal, appellant did not challenge the sufficiency of the evidence. Instead, he challenged the trial court's denial of his motion to suppress his statement based on the violation of his right to an attorney. The Arkansas Court of Appeals affirmed. *Dodge v. State*, 2013 Ark. App. 247, ___ S.W.3d ___.

Subsequently, appellant timely filed in the trial court a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012), alleging ineffective assistance of counsel as well as trial errors based on a violation of the prohibition against double jeopardy, the admission of a coerced confession, and the filing of a defective

information. The trial court denied the petition without a hearing.[1] Appellant timely lodged an appeal of that order in this court. Now before us are appellant's motions for record and for extension of time to file his brief.

We need not consider the merits of the motions because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). Accordingly, the appeal is dismissed, and the motions are moot.

A review of the petition and the order reveals no error in the trial court's decision to deny relief. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial

---

[1]Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the circuit court's order denying postconviction relief complies with the requirements of Rule 37.3.

SLIP OPINION

SLIP OPINION

cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction

resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his petition, appellant argued that counsel was ineffective for failing to challenge the information as defective or to request a bill of particulars. Specifically, he contended that the information did not provide him with sufficient notice of the charged crimes necessary to prepare his defense because it did not include the time or place that the State was alleging that each rape had occurred. Appellant argued that the State was required to include these facts in the information because it was aware of them at the time that the charging document was filed. He further argued that counsel was ineffective for failing to object to the introduction of evidence of the location of the charged crimes because the location was not included in the information.

In the information and two amended informations, the State alleged that appellant committed four counts of rape in violation of Arkansas Code Annotated section 5-14-103 (Supp. 2009) in Sebastian County. As to each count, the State described the offense, alleging that appellant did "unlawfully and feloniously engage in sexual intercourse or deviate sexual activity with A.N., who is less than 14 years of age." In the second amended information, the date for each count was amended to allege that each crime had occurred between January 1, 2009, and May 3, 2011. Counsel for appellant also filed a motion for discovery to which the State responded. This court has held that an information is sufficient if it names the defendant, the

4

offense charged, the statute under which the charge was made, the court and county where the alleged offense was committed, and if it set forth the principal language of the statute and the asserted facts constituting the offense. *Anderson v. State*, 2013 Ark. 332 (per curiam); *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997) (per curiam). The minimal requirements for a proper information are sufficient to apprise a defendant of the offense. *Anderson*, 2013 Ark. 332; *England v. State*, 234 Ark. 421, 352 S.W.2d 582 (1962). The function of a bill of particulars is to require the State to set forth the alleged criminal act in detail and with sufficient certainty to apprise the defendant of the crime charged and enable him to prepare his defense. *Norris v. State*, 2013 Ark. 205, __ S.W.3d __ (per curiam); *Grant v. State*, 2010 Ark. 286, 365 S.W.3d 894 (per curiam); *see also* Ark. Code Ann. § 16-85-301(a) (Repl. 2005). Where the information is definite in specifying the offense being charged, the charge itself constitutes a bill of particulars. *Norris*, 2013 Ark. 205, __ S.W.3d __. Further, even where no bill of particulars is filed, there is no prejudice to the accused on that account when the State complies with its discovery obligation. *Id.*; *Green v. State*, 310 Ark. 16, 832 S.W.2d 494 (1992).

Here, appellant cannot demonstrate that the defense was unaware of the offenses charged and the conduct that was alleged to have given rise to the charges. *See Norris*, 2013 Ark. 205; __ S.W.3d __. He failed to state a valid ground on which counsel could have raised any objection based on a defective information or argued a meritorious basis in support of a bill of particulars. Counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Jordan v. State*, 2013 Ark. 469 (per curiam). Thus, counsel cannot be considered ineffective under the standards set forth in *Strickland* based on his decision not to challenge the information or

object to evidence of the location of the crimes.[2]

Similarly, appellant argued that counsel was ineffective for failing to challenge the filing of the second amended information, in which the State amended the date range that the charged crimes had occurred, or move for a continuance based on its filing. Appellant based his contention on the allegation that the second amended information had been filed ten days before trial when the State had known for eight months prior to its filing that the dates in the first amended information did not encompass the dates of the incidents giving rise to the charges. He argued that, because the second amended information extended the date range during which he had been accused of committing the rapes by 120 days, "the amendment effectively added an additional 120 days of the accused's life that must be defended."

The State is entitled to amend an information at any time prior to the case being submitted to the jury as long as the amendment does not change the nature or the degree of the offense charged or create an unfair surprise. *Green v. State*, 2012 Ark. 19; 386 S.W.3d 413; *see also* Ark. Code Ann. § 16-85-407(b) (Repl. 2005). Appellant cannot show that the amendment changed the nature or degree of the charges or created an unfair surprise. Moreover, he failed to state any convincing argument that his defense was prejudiced by the timing of the filing of the second amended information to support a motion for continuance. As no legal basis supports appellant's claim, counsel was not ineffective for failing to raise an argument without merit. *See Jordan*, 2013 Ark. 469.

---

[2]Appellant also argued that counsel was ineffective for failing to raise on appeal issues stemming from his claim that the second amended information was defective. Because we find that a meritorious argument could not have been raised to contend that the information was defective, it is unnecessary to reach these arguments.

SLIP OPINION

Appellant further contended that counsel was deficient based on two claims that do not provide a basis for relief due to a lack of factual substantiation of the allegations. First, he argued that counsel was ineffective for failing to move for directed verdict based on insufficient evidence of penetration. However, the trial record shows that counsel did, in fact, move for a directed verdict, arguing that there was insufficient evidence of penetration, as required to prove the charges of rape, because the terms used by the child victim to describe human anatomy were not sufficiently specific to provide the requisite evidence of penetration into the rectum. The trial court denied the motion. Second, appellant claimed that counsel was ineffective based on the failure to file a motion to suppress his allegedly coerced confession. However, counsel filed two suppression motions, and hearings were held on both. The first motion asserted that appellant's statement should be suppressed because there was not an intelligent waiver of his rights and his statement was not voluntary. The second motion asserted that appellant's right to an attorney was violated in obtaining the statement. The trial court denied both motions.[3] According to the trial record, the trial court found that appellant's statement was voluntary based on evidence presented at the suppression hearing. Because the trial record shows that counsel, in fact, made both motions that appellant raised as a basis for

---

[3]On direct appeal, appellant argued only that the trial court erred in denying his second motion to suppress his statement, contending that the trial court erred in denying the motion because his right to an attorney was violated. *Dodge*, 2013 Ark. App. 247, __ S.W.3d __. The court of appeals held that, because appellant did not challenge on appeal the trial court's finding that he was not in custody when he gave his statement, this finding by the trial court served as an independent basis for affirming the denial of the second motion to suppress based on the denial of his right to counsel. The court of appeals further held that, in any event, appellant's reference to an attorney was equivocal and ambiguous such that law-enforcement officers did not violate his right to counsel by continuing to question him. *Id.*

his ineffective-assistance claim, he is not entitled to relief based on these allegations of ineffective assistance.

Appellant next made the conclusory allegation that counsel was ineffective because he refused to allow appellant to testify. Appellant claimed in his petition that he told counsel that he wanted to testify on his own behalf to "combat the charges against him and the alleged confession's damage." However, appellant did not state what his testimony would have been or demonstrate how counsel's alleged refusal to allow him to testify prejudiced his defense. We have held that, while an accused has the right to choose whether to testify at his trial, a petitioner seeking postconviction relief must do more than simply state that he was not allowed to testify. *Hale v. State*, 2011 Ark. 476 (per curiam). He must state specifically what the content of his testimony would have been and demonstrate that his failure to testify resulted in actual prejudice to his defense. *Id.* Here, appellant failed to do so. Moreover, based on the overwhelming evidence of guilt presented at trial, including appellant's statement confessing to the crimes, we cannot conclude that the outcome of the trial would have been any different if appellant had testified.

Appellant also summarily stated in his petition that his conviction of three counts of rape amounted to a violation of double jeopardy because there was not a "shred of difference, including dates, names, and statute number" among the crimes. While a double-jeopardy claim is a fundamental claim that can be raised for the first time in a Rule 37.1 proceeding, appellant failed to make any argument as to how he was tried for the same offense twice. *See Green v. State*, 2013 Ark. 455 (per curiam) (citing *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000)).

According to the trial record, the jury found appellant guilty of committing rape against the victim on three separate occasions. While a fundamental claim that would render the judgment in a criminal case void is grounds for relief under Rule 37.1, even fundamental claims must be supported by facts to demonstrate that a fundamental right was denied to a particular petitioner under the facts of his or her case. *Norris*, 2013 Ark. 205, __ S.W.3d __.

Next, appellant claimed that he was entitled to relief based on the introduction of his statement to law enforcement, arguing that the statement was inadmissible as a coerced confession due to his belief that he was in custody when he gave his statement and the relentless nature of the interrogation despite his repeated denials and attempted suicide during questioning. Counsel offered this same argument at a pretrial suppression hearing, and the trial court, finding that appellant was not in custody and that his confession was voluntary, denied his motion to suppress. On direct appeal, appellant appealed only the denial of the motion to suppress based on the trial court's finding that appellant's right to counsel had not been violated. He did not appeal the trial court's denial of his motion to suppress in which he argued that his statement should be suppressed because there was not an intelligent waiver of his rights and his statement was not voluntary. *Dodge*, 2013 Ark. App. 247, __ S.W.3d __. Issues raised at trial, but not argued on appeal, are considered abandoned. *Hill v. State*, 2011 Ark. 419 (per curiam). Rule 37.1 does not provide a postconviction remedy when an issue could have been raised at trial and argued on appeal. *Id.* Moreover, we have held that a coerced-confession argument is mere trial error that provides no Rule 37.1 relief. *Jones v. State*, 2009 Ark. 308 (per curiam).

Finally, appellant claims that his right to due process was violated because the

9

SLIP OPINION

information failed to specify the date and place that the alleged crimes occurred even though the State was aware of this information, thereby causing prejudice to appellant's defense. Appellant's claim, based on a defective information, is an allegation of trial error. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Claims of trial error, even those of constitutional dimension, must be raised at trial and on appeal. *Nelson v. State*, 2014 Ark. 28 (per curiam). Our postconviction rule does not permit a direct attack on a judgment or permit a petition to function as a substitute for raising an issue at trial or on appeal. *Id.* While, as stated herein, there is an exception to this general rule when there is a fundamental claim that would render the judgment in a criminal case void, *Norris*, 2013 Ark. 205, __ S.W.3d __, appellant's allegation based on a defective information did not rise to a showing of a fundamental error sufficient to void the judgment in appellant's case.

Appeal dismissed; motions moot.

*Christopher Dewayne Dodge*, pro se appellant.

No response.