JOSEPHINE LINKER HART, Justice, dissenting. In reversing the circuit court’s grant of a new trial in this case, the majority demonstrates a lack of understanding of the circuit court’s ruling. A new trial was not ordered because the circuit court decided that it had incorrectly excluded evidence— that was not one of the circuit court’s eight findings of fact and conclusions of law. A new trial was ordered because the circuit court found that Rainer’s trial counsel was ineffective because he failed to renew his challenge to the circuit court’s ruling on a motion in limine after the State had presented its case and the circuit court was able to properly balance prejudice against probative value of the proffered evidence. In reversing, the majority fails to properly apply the standard of review and makes arguments for the appellant that were neither raised to nor ruled on by the circuit court, and are not raised on appeal. I dissent. The circuit court found persuasive Rain-er’s argument that he had not received a fair trial. It recalled that the case was extremely close. Further, the circuit court stated that, given the context of Rainer’s defense, if Rainer’s trial counsel, Bill Stanley, had renewed his opposition to the State’s motion in limine at trial, “I don’t really have any doubt that I would |17have at least allowed the prior [stabbing] incident involving the two of them.” In its written order, the circuit court made the following findings of fact and conclusions of law: 1.No proper record was made of the motion in limine where evidence was ruled out in a pretrial conference in chambers about a year 'before trial. That violates Administrative Order No. 4 because the court had a duty to have it on the record. No lawyer requested it be on the record. 2. By agreement of the parties, the record was supplemented at the hearing with the testimony of defense counsel, the prosecutor, and the recollection of the court. This was a de facto “bystanders’s affidavit” where the court heard about three other incidents, one of which involved the alleged victim stabbing the defendant where he was hospitalized. There is a dispute, but it appears that he requested the state not to prosecute her for that. 3. At the conclusion of the state’s case, the motion should have been renewed because the context was more apparent, . and the court likely would have granted it. ■ 4. The testimony about the alleged victim having a propensity to use knives and to have previously stabbed defendant, too, on balance was probably more relevant than prejudicial and likely would have come in under A.R.E. 403. (In any retrial, the scope of other such evidence is subject to review at retrial.) 5. Defendant argues that this denied him due process and a fair trial in violation of the constitutions. Rule 37.1(a)(1). 6. The testimony in the case was close, and the court almost granted a directed verdict, but did not. 7. As a result, the court finds defendant was denied a fair trial on Ground 1, and a new trial is granted. Rule 37.4. 8. Ground 2 is moot. Our standard of review in Rule 37 appeals has been clearly established.[1] We do not |18reverse the grant of postconviction relief unless the trial court’s findings are clearly erroneous. State v. Barrett, 371 Ark. 91, 263 S.W.Sd 542 (2007). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. Id. In making a determination on a claim of ineffectiveness of counsel, the totality of the evidence before the fact-finder must be considered. Id. Furthermore, we defer to the trial court’s determination of credibility on Rule 37.1 appeals. Id. Here, the State is the appellant and Rainer is the appellee. A basic rule of appellate issue preservation provides that an appellant is bound by the scope and the nature of arguments that it made to the circuit court, Riley v. State, 2012 Ark. 462, 2012 WL 6218479, and failure to get a ruling from the circuit court bars an appellant from raising that argument on appeal. Norris v. State, 2013 Ark. 205, 427 S.W.3d 626. The majority correctly notes that in creating the bystander’s affidavit, it was established that, in the hearing on the State’s motion in limine, “the circuit court excluded the testimony [about Douglas’s prior bad acts] under Arkansas Rule of Evidence 404.” The majority also correctly notes that in the Rule 37 hearing, Rain-er’s postconviction counsel asserted that the evidence of Douglas’s history of knife violence was admissible under “Arkansas Rules of | ^Evidence 401, 402, 403, 404, and 406.” However, in reversing the circuit court’s grant of Rule 37 relief, the majority finds that the circuit court’s finding that it would have admitted the evidence is wrong because the evidence was not admissible under Arkansas Rule of Evidence 405. The record reveals that the State never mentioned Rule 405 at the Rule 37 hearing. In addressing the admissibility of Douglas’s prior violent use of a knife, the State only argued relevance, which implicates Arkansas Rules of Evidence 401 and 402, and “prior bad acts,” which involves Rule 404 subject to Rule 403 balancing. Having never mentioned Rule 405 to the circuit court, the State neither got a ruling on the issue nor has the State made a Rule 405 argument on appeal. Accordingly, the majority has violated the most basic of Arkansas appellate court principles — we do not make the appellant’s argument. See, e.g., McDaniels v. State, 2012 Ark. App. 219, 2012 WL 1021529. Here the majority reverses on an issue that was never mentioned, much less ruled on by the circuit court, and that is not argued on appeal. Furthermore, the majority misunderstands the purpose of Rule 405. It is not a rule that governs either exclusion or admission of character evidence — those decisions are governed by Rule 404. Rather, as title indicates, Rule 405 governs only the methods of proving character. Accordingly, the majority abandons logic when it claims that Solomon establishes a “principle of law” that under Rule 405(b), “specific instances of a victim’s prior acts of violence are not relevant to a defense of accident.” The majority further errs in its review of the circuit court’s finding that evidence of Douglas’s prior bad acts would have been admitted under Rules 404(b) and 403 of the IgpArkansas Rules of Evidence, had Rainer’s trial counsel sought to introduce the evidence at trial. The majority correctly notes that, pursuant to the State’s motion in limine, “the circuit court excluded the testimony [about Douglas prior bad acts] under Arkansas Rule of Evidence 404.” Further, the circuit court found that had Rainer’s trial counsel renewed his challenge to the motion in limine it would have reversed the earlier ruling after the State presented its case because, at that time, when the context was more apparent, the circuit court would have ruled that Douglas’s prior bad acts were more probative than prejudicial. Yet, the majority cites as its authority for reversing the circuit court Solomon v. State, 323 Ark. 178, 913 S.W.2d 288 (1996), in which this court affirmed a circuit court’s exercise of discretion excluding evidence. In Solomon, the appellant argued, unsuccessfully, that the proffered evidence, which the circuit court apparently excluded pursuant to Arkansas Rule of Evidence 405(b), should have been admissible under Arkansas Rule of Evidence 404(b). However, in the case before us, the majority, in making arguments for the appellant, essentially makes the same argument that the Solomon court rejected. The majority asserts that Douglas’s prior bad acts, which the circuit court found to be admissible under Rules 404(b) and 403, should have been excluded under Rule 405(b). To the extent that Solomon has any applicability to the case before us, it should be as authority to affirm the circuit court’s ruling. Further, the majority erroneously asserts that the failure by Rainer’s trial counsel to renew his challenge to the State’s motion in limine was “of no moment.” Yet, it was the primary basis for the circuit court’s decision to grant Rainer a new trial. The circuit court |⅞] granted the State’s motion in limine pursuant to Arkansas Rule of Evidence 404, because, the evidence seemed to malign the victim for no legitimate purpose. At the conclusion of the Rule 37 hearing, the circuit court found in its ruling from the bench, By its very nature, this issue would have turned under Rule 403 on whether the probative value of this evidence that, because she had used a knife in the past she would use it now, whether or not it was substantially outweighed by the danger unfair prejudice because the definition of relevancy is so relaxed in the Rules of evidence which makes any, almost anything connected to something relevant, almost. Because of that you get to the Rule 403 balancing, in order to balance it you have to weigh everything. A year before in chambers being told, look, this is what we want to do in a vacuum without knowing the rest of the case and how it weighs together, you know ... If [Rainer’s trial counsel] made a mistake, it was in not renewing the motion after I’ve heard the testimony where it’s in my mind where I could properly weigh it. And after reviewing this and knowing what I know about the State’s case ... I don’t really have any doubt that I would have at least allowed in the prior incident involving the two of them. This oral ruling was translated into the circuit court’s findings of fact and conclusions of law when it stated: 3. At the conclusion of the state’s case, the motion should have been renewed because the context was more apparent, and the court likely would have granted it. Clearly, the failure of Rainer’s trial counsel to renew his challenge to the State’s motion in limine was the issue. However, while missing the importance of the failure-to-renew issue, the majority has fixated on the circuit court’s failure to make a record of the motion-in-limine hearing even though failure to make a record was not the basis for circuit court’s decision to grant Rainer a new trial. The majority has neither a sound legal or factual basis for reversing the circuit court’s grant of a new trial. For reversal the State argued 1) that the circuit court clearly erred in I ^granting the new trial because its decision was based on its own reconsideration of an evidentiary ruling, not ineffective assistance of counsel; 2) there was no ineffectiveness of counsel in Stanley’s appeal to the court of appeals; 3) Rainer’s trial counsel’s failure to ask the circuit court to reconsider its ruling was a matter of trial strategy; and 4) that Rain-er’s “central claim” is an evidentiary challenge to the circuit court’s pretrial ruling, rather than his trial counsel’s ineffectiveness. As noted previously, the circuit court found that trial counsel’s ineffectiveness lay in not renewing the defense’s challenge to the motion in limine at trial. The State does not directly challenge this key finding regarding Stanley’s ineffectiveness. Likewise, the State does not appeal the circuit court’s finding that trial counsel’s failure to renew his challenge to the exclusion of Douglas’s prior bad acts after the State had put on its case denied Rainer his constitutional right to present a complete defense.[2] In fact, the State acknowledges that the “proper” time to renew Rainer’s challenge to the motion-in-limine ruling was during the trial or in the motion for a new trial. Additionally, the State’s assertion that trial counsel’s failure to renew his challenge to the motion in limine was a matter of trial strategy was neither raised to nor ruled upon by the circuit court. Finally, the circuit court made it very clear in its order granting Rainer a new trial that its finding of ineffective assistance of counsel was not based on its reconsideration an evidentiary ruling. Accordingly, this case should be affirmed. HANNAH, C.J., and BAKER, J., join. . In reversing the circuit court the majority relies on Mitchell v. State, 2012 Ark. 242, 2012 WL 1950257. The majority claims that Mitchell stands for the proposition that “the circuit court’s indication that it might have been willing to reconsider its ruling had the trial counsel renewed the issue during trial is of no moment. The standard this court considers is whether the issue would have been meritorious.” The majority is wrong. In Mitchell, this court affirmed a circuit court's decision to summarily deny a prisoner’s Rule 37 petition without an evidentiary hearing, pursuant to Rule 37.3(a) of the Rules of Criminal Procedure. The Mitchell court noted that because Mitchell’s petition contained only “conclusory” allegations that were not supported by specific facts as required by Rule 37, the circuit court did not clearly err in denying postconviction relief without looking beyond the face of the petition. The Mitchell court held, "Bare assertions of ineffectiveness are not enough. Conclusory statements that counsel was ineffective will not sustain a Rule 37 petition.” Thus, the majority's reliance on Mitchell is misplaced. . As the Supreme Court observed in Crane v. Kentucky, “[T]he Constitution guarantees criminal defendants ‘a meaningful opportunity to present a complete defense.’ ” 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984)).