SLIP OPINION

Cite as 2015 Ark. 230

# SUPREME COURT OF ARKANSAS

No. CR-99-1102

| | |
|---|---|
| JAMES CHARLES FUDGE<br>PETITIONER | **Opinion Delivered** May 21, 2015 |
| V. | SECOND PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS<br>RESPONDENT | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-98-626] |
| | PETITION DENIED. |

**PER CURIAM**

In 1999, James Charles Fudge was found guilty by a jury in the Pulaski County Circuit Court of capital murder and sentenced to death. We affirmed. *Fudge v. State*, 341 Ark. 759, 20 S.W.3d 315 (2000). In subsequent proceedings under Arkansas Rule of Criminal Procedure 37.5 (1999), the trial court granted Fudge a new sentencing hearing based upon trial counsel's failure to object to evidence that was presented as an aggravating circumstance. This court affirmed the order. *State v. Fudge*, 361 Ark. 412, 206 S.W.3d 850 (2005). On resentencing in 2006, Fudge was sentenced to life imprisonment without parole.

In 2010, Fudge filed a pro se petition asking that this court reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1] A petition to reinvest

---

[1] The petition was assigned the same docket number as the direct appeal, CR-99-1102.

jurisdiction is necessary because a circuit court can entertain a petition for writ of error coram nobis only after this court grants permission. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam). This court will grant such permission only when it appears the proposed attack on the judgment is meritorious. *Echols v. State*, 354 Ark. 414, 418, 125 S.W.3d 153, 156 (2003). In making such a determination, we look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. *Id.*

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Hooper v. State*, 2015 Ark. 108 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam).

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings

SLIP OPINION

are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

Fudge raised a number of allegations in the petition filed in 2010, including the claim that the State withheld exculpatory evidence from the defense, which, if proven, would have constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* violation is established when evidence favorable to the defense is wrongfully withheld by the State. Such a violation is cause to grant the writ. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam). Fudge did not establish a *Brady* violation in the 2010 petition. *Fudge v. State*, 2010 Ark. 426 (per curiam).

Now before us is Fudge's second petition to reinvest jurisdiction in the trial court in his case to consider a petition for writ of error coram nobis. He has also filed an amendment to the

petition with exhibits.[2] He again claims that there was other evidence hidden by the State at trial in violation of *Brady*.

We first note that the allegation in the petition to reinvest jurisdiction in the trial court is itself entirely conclusory. There is no factual substantiation for the claim, and the evidence alleged to have been concealed is not stated. Fudge has, however, included with his petition for leave to proceed in the trial court the petition that he intends to file there if granted permission to do so. Even if that petition is considered in the interest of judicial economy as part of the petition before us,[3] we find no ground to warrant the writ. *See Slocum v. State*, 2014 Ark. 398, 442 S.W.3d 858 (per curiam) (The petition to be filed in trial court, if leave were granted by this court to proceed with coram-nobis petition, was considered in determining whether cause for the writ had been established by the petitioner.)

The evidence alleged by Fudge to have been hidden by the State consisted of impeachment evidence. As with Fudge's first coram-nobis petition, the allegations raised are

---

[2]In the amendment to the petition, Fudge states that officials employed by the Arkansas Department of Correction where he is incarcerated declined to photocopy 575 additional pages of material that he desired to add to his petition. He asks that this court direct the officials to provide the copies. Fudge does not explain the significance of any specific document in the 575 pages; but, in any event, it is the responsibility of the petitioner in a coram-nobis proceeding to obtain whatever documentation he desires to include in his petition. This court does not assist petitioners in preparing the petition or in obtaining material in support of allegations contained in the coram-nobis petition.

[3]We have held in past cases that all claims must be raised in the petition to this court. *See O'Neal v. State*, CR-95-148 (Ark. Feb. 10, 2005) (unpublished per curiam). Nevertheless, in more recent cases, in the interest of judicial economy when the trial-court petition is appended to the petition, rather than require the petitioner to redraft his petition, we have addressed claims in the trial-court petition. *Evans v. State*, 2012 Ark. 161, at 3 (per curiam).

convoluted and extremely difficult to follow. Fudge goes into minute detail in the forty-seven page petition about his actions beginning December 24, 1997, and ending several days later after he admits to having buried his wife's body. He accuses several persons of giving "exaggerated, fabricated, mendacious" testimony concerning interaction with the victim at a time when the victim was already dead and raises questions about his interrogation by the police. He further asserts that his own attorney withheld exculpatory evidence concerning a sheriff's investigator's interview with a State's witness who admitted "getting tough in jail for lying in court, if caught lying." He states that the witness's interview was taped, but his attorney refused to play the tape at a pretrial hearing or at trial. Fudge also asserts that his wife's uncles purchased "blood testimonies" of a boot-legger and that the sheriff's investigators used "about, around, and after terms" to influence the boot-legger in some manner. He further questions the credibility of a witness from the Arkansas State Crime Laboratory and that of a doctor whom petitioner accuses of testifying as though he had participated in the victim's autopsy when he had not. In a continuation of his myriad claims, Fudge asserts dozens of similar allegations that ostensibly show that evidence was hidden by the State. We need not enumerate all of the allegations, however, because none of the assertions is supported with facts sufficient to demonstrate a *Brady* violation.

Clearly, Fudge was aware of his own actions before and after the victim's death; thus, those actions were known about at the time of trial. As to his claims of hidden evidence, Fudge has not provided any factual substantiation from which it can be determined that the State deliberately suppressed any exculpatory information. This court is not required to take claims

of a *Brady* violation in a coram-nobis petition at face value without substantiation. *Mackey v. State*, 2014 Ark. 491 (per curiam). The application for coram-nobis relief must make a full disclosure of specific facts relied upon. *Maxwell v. State*, 2009 Ark. 309 (citing *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004)). Fudge's mere claims, which amount to contentions that the jury was not given a full picture of the events surrounding the murder of the victim, do not establish that there was evidence withheld that meets the threshold requirements of a *Brady* violation. It is the petitioner's burden to demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Wilson v. State*, 2014 Ark. 273 (per curiam). Fudge has fallen short of meeting that burden because he has failed to provide facts to show that evidence that was both material and prejudicial, and that would have prevented rendition of the judgment had it been known at the time of trial, was wrongfully hidden by the State.

At several points in his petition, Fudge refers to the ineffectiveness of his counsel at trial, errors by the trial court, and the insufficiency of the evidence to sustain the judgment. None of those grounds is a ground for the writ. Claims of ineffective assistance of counsel, trial error, and insufficiency of the evidence are not within the purview of a coram-nobis proceeding. *Philyaw v. State*, 2014 Ark. 130 (per curiam).

Petition denied.