SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-07-906

|  |  |
|---|---|
| CHARLES EDWARD GOODWIN<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | Opinion Delivered September 10, 2015<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [OUACHITA COUNTY CIRCUIT COURT, NO. 52CR-06-153]<br><br>PETITION DENIED. |

## PER CURIAM

In 2007, judgment was entered in the Ouachita County Circuit Court reflecting that petitioner Charles Edward Goodwin had been found guilty by a jury of attempted capital felony murder with aggravated robbery as the underlying felony offense. He was sentenced as a habitual offender to life imprisonment. We affirmed. *Goodwin v. State*, 373 Ark. 53, 281 S.W.3d 258 (2008).[1]

Now before us is Goodwin's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis

---

[1]Goodwin subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007). The petition was denied. Goodwin filed a notice of appeal but did not tender the record to this court in a timely manner. We denied his motion to proceed with the appeal by per curiam order issued December 6, 2012. *Goodwin v. State*, CR-12-872.

SLIP OPINION

after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

In his petition, Goodwin first contends that he is entitled to issuance of the writ on the ground that a deputy prosecuting attorney rather than the prosecuting attorney signed the felony information in his case. He alleges that he was thus tried by a court without jurisdiction. Goodwin further asserts that the deputy prosecutor abused his subpoena power by filing the information. He argues that he was denied due process and equal protection of law by the deputy prosecutor's conduct.

SLIP OPINION

The claim is without merit. We have held that the issue, as raised by Goodwin, is not a jurisdictional matter and is not sufficient to void the judgment. *State v. Eason*, 200 Ark. 1112, 143 S.W.2d 22 (1940); *see also Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam). In *Eason*, we held that an information filed in the name of a deputy was voidable, rather than void, because there is a presumption that a deputy prosecuting attorney acts under the direction of his superior. Until the defendant can demonstrate that there is a failure of the prosecuting attorney to affirm the deputy's signing of the information, the information is only voidable. As such, it is sufficient to bring the defendant before the court, and, in consequence, the court acquires jurisdiction. *Munnerlyn v. State*, 2013 Ark. 339, at 3 (per curiam); *Norris*, 2013 Ark. 205, 427 S.W.3d 626. The issue is one that could have been raised, and settled, in the trial court. Claims of trial error are not within the purview of a coram-nobis proceeding. *Fudge v. State*, 2015 Ark. 230, ___ S.W.3d ___ (per curiam).

Goodwin next contends that he was subjected to double jeopardy because the prosecutor knew that the statement of one of the charges against him in the amended felony information in his case failed to contain the requisite requirements of the *contra pacem* clause. Goodwin also contends that the trial court overstepped its judicial authority by amending the felony information without the prosecutor's request that it be amended. The assertions are based on his prior argument that the deputy prosecutor did not have authority to file the information and by his contention that the lack of the *contra pacem* clause rendered the amended information void and deprived the court of jurisdiction in the case.

The issue raised by Goodwin is not a jurisdictional question. Even where it can be shown

3

that the information was defective in that it did not include a *contra pacem* clause for each individual count, it is the type of claim that, when adequately preserved, may be brought on appeal. We have held that the issue of the inclusion of a *contra pacem* clause goes to the sufficiency of the charging instrument; thus, it must be raised prior to trial to be preserved for appellate review. *McNeese v. State*, 334 Ark. 445, 446, 976 S.W.2d 373, 374 (1998); *Wetherington v. State*, 319 Ark. 37, 889 S.W.2d 34 (1994). We noted specifically in *Wetherington* that this court has never stated that the inclusion of the *contra pacem* clause in an indictment or information is a condition precedent to the circuit court's obtaining subject-matter jurisdiction of a case. *Wetherington*, 319 Ark. at 42, 889 S.W.2d at 37.

Furthermore, we have said that double jeopardy is also not within the bounds of a coram-nobis proceeding inasmuch as the issue is a question that could have been addressed at trial. *Watts v. State*, 2013 Ark. 485, at 3–4 (per curiam). Goodwin's allegation does not constitute a showing that he was subjected to double jeopardy, and it does not establish that there is cause to expand the writ to include claims concerning the sufficiency of an information.

Goodwin urges this court in general to accept his allegations of trial error as grounds for a writ of error coram nobis because the claims demonstrate constitutional error. Allegations of trial error, however, even those of constitutional dimension, do not provide a ground to grant a writ of error coram nobis. *Bean v. State*, 2015 Ark. 136 (per curiam).

As his next ground for the writ, Goodwin contends that he was denied effective assistance of counsel. The allegation is unavailing. This court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and

that such proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under Rule 37.1. *White v. State*, 2015 Ark. 151, at 4-5, 460 S.W.3d 285, 288.

Finally, Goodwin asserts that his attorney and the State conspired to convict him on insufficient evidence obtained by virtue of his involuntary and illegally obtained statement. The argument amounts to a claim that the evidence was insufficient to sustain the judgment of conviction. Issues concerning the sufficiency of the evidence are also not cognizable in coram-nobis proceedings. *Ventress v. State*, 2015 Ark. 181, at 6, 461 S.W.3d 313, 317.

Petition denied.

*Charles Edward Goodwin*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y, for respondent.